**Order filed January 24, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00019-CR

_____

### RICKEY ELLISON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 331st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-DC-09-900320**

## O R D E R

In this cause, Appellant was convicted of the 1981 murder of Jimmy Milo. Appellant contends in his first appellate issue that the trial court violated his right to confront and cross-examine the witnesses against him when it admitted testimonial hearsay of a forensic analyst, Fred Rymer. Appellant contends in his second issue that the same evidence was inadmissible hearsay under the Texas Rules of Evidence.

Appellant asserts in his first two issues that the alleged evidentiary errors occurred during the ballistics testimony of Calvin S. Story, Jr. The record on appeal indicates that Rymer testified in Appellant's 1982 trial for the attempted capital murder of Charles Lacey and that Rymer died shortly after that trial. The jury convicted Appellant in that cause, which was styled *The State of Texas v. Rickey Ellison*, No. 62,502, in the 167th District Court of Travis County, Texas. Appellant appealed his 1982 conviction to the Austin Court of Appeals in cause no. 3-83-047-CR. The Austin court affirmed the conviction.

We have obtained a CD copy of the Austin court's file in cause no. 3-83-047-CR. The reporter's record shows that Rymer testified and that he was cross-examined by Appellant's counsel in the 1982 trial. The State contended that Appellant shot Lacey and Milo with the same gun. The ballistics evidence in the 1982 trial was similar to the evidence in this cause. Apparently, at the trial of the instant cause, Appellant's counsel had a copy of the trial record from Appellant's 1982 trial. The reporter's record in this cause refers to a "CD/Trial Record (Charles Lacey, victim)" as Defendant's Exhibit 7. However, the exhibit is not included in the record.

We abate this appeal to allow (1) the court reporter to file a supplemental reporter's record containing Defendant's Exhibit 7—"CD/Trial Record (Charles Lacey, victim)"—if such an exhibit exists; (2) the parties to inform this court, by letter, whether they had a copy of the 1982 trial record, including Rymer's testimony; (3) Appellant's counsel to file a supplemental brief related to the effect, if any, that Appellant's opportunity to cross-examine Rymer and cross-examination of Rymer in the 1982 trial have on Appellant's right of confrontation and cross-examination claims and hearsay claims raised in his first two appellate issues in this cause; and (4) the State to file a supplemental brief. The supplemental reporter's record or a response that the exhibit does not exist is due

on or before February 3, 2014.  The parties' letter response is due on or before February 3, 2014.  Appellant's supplemental brief is due on or before March 10, 2014.  The State's supplemental brief is due within thirty days of Appellant's counsel filing his supplemental brief.

The appeal is abated.

PER CURIAM

January 24, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.